NOVEMBER TERM, 1912.     153

Indianapolis Outfitting Co. *v.* Cheyne Electric Co.—52 Ind. App. 153.

---

## INDIANAPOLIS OUTFITTING COMPANY *v.* CHEYNE ELECTRIC COMPANY.

[No. 7,803. Filed January 21, 1913.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Motion to Dismiss.*—Where an action was brought before a justice of the peace to recover $200 for material furnished and labor performed at the special instance and request of defendant, and, on appeal to the superior court, plaintiff filed an additional paragraph of complaint to recover the same amount on the theory of an express contract, error in overruling defendant's motion to dismiss the action, on the ground that the court had not jurisdiction of the subject-matter, was harmless, where, after such ruling the plaintiff dismissed such additional paragraph and proceeded to trial on the original complaint. p. 154.

2. APPEAL.—*Review.*—*Harmless Error.*—*Affirmance.*—A judgment will not be reversed on account of an error which did not prejudice the substantial rights of the party complaining. p. 155.

3. EVIDENCE.—*Account Books.*—*Ledger.*—In an action to recover for material furnished and labor performed, a ledger kept by

plaintiff's bookkeeper in the regular course of plaintiff's business, the entries in which were made from memoranda furnished by the employes who sent out the material and by the men who did the work, was admissible as affording some proof of the account, although such bookkeeper had no personal knowledge of the amount of material furnished or the amount of labor performed at the time such entries were made by him. ·p. 155.

4. APPEAL.—*Review.*—*Refusal to Direct Verdict.*—The refusal to direct a verdict for defendant was not error, where there was evidence tending to support a verdict for plaintiff. p. 156.

From Superior Court of Marion County (78,879) ; *Ulric Z. Wiley,* Special Judge.

Action by the Cheyne Electric Company against the Indianapolis Outfitting Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Wm. E. Reiley,* for appellant.
*Charles Alcon* and *H. L. Wynegar,* for appellee.

LAIRY, J.—This case originated in the court of a justice of the peace of Marion county, and was appealed to the Superior Court of Marion county, where the judgment from which this appeal is taken was rendered in favor of appellee for the sum of $199.86. This action was brought to recover for materials furnished and labor performed by appellee for appellant, and in the justice's court the complaint proceeded on the theory that the materials were furnished and the labor was performed at the special instance and request of defendant, and sought to recover the reasonable value of the materials and labor so furnished. After the case reached the superior court, plaintiff, by leave of court, filed a second paragraph of complaint, alleging an express contract and seeking to recover thereon. Each paragraph demanded $200. After the second paragraph was filed, defendant made a motion to dismiss the action, on the ground that the court had no jurisdiction of the subject-matter, which motion the court overruled; and, thereupon plaintiff dismissed the second paragraph of his complaint.

NOVEMBER TERM, 1912.    155

Indianapolis Outfitting Co. *v.* Cheyne Electric Co.—52 Ind. App. 153.

The case proceeded to trial, and judgment was rendered on the complaint originally filed before the justice of the peace.

If there was error in the ruling of the court on the motion to dismiss the action, such error was rendered harmless by the subsequent proceedings of the court. A judgment will not be reversed on account of an error which, as shown by the record, did not prejudice the substantial rights of the party complaining. *Vulcan Iron Works Co.* v. *Electric, etc., Min. Co.* (1913), 53 Ind. App. ——, 99 N. E. 429, 100 N. E. 307, and cases cited.

On the trial of the case the court permitted the book-keeper of the plaintiff, over the objection of defendant, to refer to entries made by him in a ledger kept by him in the regular course of plaintiff's business. From the testimony of this witness it appears that he had no personal knowledge of the amount of material furnished or the amount of labor performed at the time the entries were made in this book, but that the entries were made from memoranda furnished by the employes who sent out the material and by the men who did the work.

Shop books kept by a merchant or tradesman in the course of his regular business are admissible, under certain conditions, to prove the transactions between him and his customers. A discussion of the reasons on which such books are held to be admissible, or of the limitations affecting their admissibility, would not be profitable in this opinion. For a discussion of these questions we refer to the concurring opinion of Roby, J., in the case of *Johnson* v. *Zimmerman* (1908), 42 Ind. App. 165, 84 N. E. 541, and also to the case of *State, ex. rel.,* v. *Central States Bridge Co.* (1912), 49 Ind. App. 544, 97 N. E. 803. There has been much uncertainty as to the rule in this State, but recent decisions seem to justify us in holding that shop books, kept in the manner here shown, are admissible in evidence, and that they offered some proof of the account, the weight of which is for the consideration of the jury.

Cleveland, etc., R. Co. *v.* Van Laningham—52 Ind. App. 156.

The trial court did not err in refusing to direct a 4. verdict for defendant, and there is evidence in the record tending to support the verdict rendered.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 468. See, also, under (1, 2) 3 Cyc. 383; (3) 17 Cyc. 393; (4) 38 Cyc. 1576. As to general requisites to admissibility of account-books in evidence, see 138 Am. St. 445. As to what is provable by books of account, generally, see 52 L. R. A. 689. On the question of party's books of account as evidence in own favor, see 52 L. R. A. 546.