# WYMAN, PARTRIDGE & COMPANY v. MIKE HENNE.[1]

December 11, 1914.

Nos. 18,899—(119).

**Evidence — loose leaf ledger.**

Action for balance of price of merchandise. The evidence tended to prove that as orders were filled and before delivery they were entered upon charge sheets, and the amount of the sales was entered from the sheets upon the ledger by the bookkeepers before delivery. The sheets were not destroyed after the ledger entries were made. *Held:* The loose leaf ledger, containing entries for moneys received and merchandise sold, was properly received in evidence. [Reporter.]

Action in the municipal court of Minneapolis to recover $365.95 for goods sold and delivered. The case was tried before Bardwell, J., who made findings and as conclusion of law ordered judgment in favor of plaintiff for the amount demanded. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Paul J. Thompson* and *M. A. Hessian,* for appellant.

*Dodge & Webber* and *Arthur T. Conley,* for respondent.

[1] Reported in 149 N. W. 647.

---

Note.—The authorities on the question of the admissibility of a party's books as evidence in his own favor are gathered in an extensive note in 52 L.R.A. 546.

PER CURIAM.

Plaintiff alleges that, between given dates, it sold and delivered to defendant, at his request, "certain goods, wares and merchandise, of the actual and reasonable value of $2,222.32, which sum defendant agreed to pay therefor." That no part of said sum has ever been paid, save and except the sum of $1,956.71. The answer admits that defendant purchased merchandise of plaintiff and has paid it "a large amount of money on account thereof." It alleges that defendant "has paid the plaintiff in full either in cash or by return of merchandise for all goods, wares and merchandise sold to him either as alleged in the complaint or otherwise," and denies every allegation in the complaint except as admitted. Defendant appeals from the judgment rendered against him for $265.61 and costs.

The only ground urged for reversal of the judgment is that the court erred in receiving in evidence defendant's loose leaf ledger. The head bookkeeper testified in respect to this ledger that it was one of plaintiff's account books, containing the record of goods sold and moneys paid, entered at the time of the transactions by the persons authorized to make them under the direct supervision of the witness, and that the book was just and true to the best of his knowledge and belief. It also appeared that the usual way in which plaintiff did business was to enter the goods as the orders were filled in its place of business, and before delivery, upon charge sheets. Before the goods were delivered these sheets went to the bookkeepers, who therefrom entered the amount of the sales on the ledger. The sheets were kept, and were not mere memoranda which were destroyed after the ledger entry. When this loose leaf ledger was offered in evidence, defendant objected on the ground that no foundation was laid. There was also special objection to certain pencil memorandum of interest computation therein, not here material since the court disallowed the interest claims. The court in ruling on the objection stated: "The objection so far as the original entries is concerned is good; that is, you should bring your original record here. I will receive the books subject to objection, ignoring the pencil memorandum." The printed record contains but a fragment of the settled case. The loose leaf ledger page received is printed. It shows entries for money received as well as for merchandise sold. There is no evidence that the moneys received were entered in any other place than in this ledger. It was properly admissible, for the payments were also in issue. The settled case is not here. What if anything was done to convince the court that the value of the merchandise sold and delivered was the amount stated in the findings is not made to appear. We therefore deem it unnecessary to determine in this case whether the entries upon the ledger leaf of the merchandise sold were admissible as tending to prove a sale or delivery thereof under chapter 251, p. 297, Laws of 1909.

Judgment affirmed.