## POLUS *v*. CONNER.

[No. 14,120. Filed May 26, 1931.]

*Draper & Zilson,* for appellant.
*Raymond F. Murray,* for appellee.

LOCKYEAR, J.—The complaint in this action is based on a verbal contract between appellant and appellee for the remodeling and repair of a storeroom belonging to the appellant in Indianapolis, by the terms of which the appellee alleges in his complaint that the appellant agreed to pay for the cost of material, plus 10 per cent profit.

Appellant filed an answer in general denial to the complaint, and, on the trial, claimed that appellee was to do the work and furnish the material for a sum not to exceed $350, plus an additional charge for electric work, plus 10 per cent. There was a trial by the court without the intervention of a jury, with a finding and judgment against appellant in the sum of $860.04.

The error assigned is the overruling of appellant's motion for a new trial, which was upon the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law, and that the amount of recovery is too large.

The motion for a new trial also alleges the court erred in admitting in evidence on behalf of (plaintiff) appellee, over the objection of appellant, Exhibits 1 and 3, being ledger sheets purporting to show charges against appellant.

Appellee introduced oral testimony to the effect that the material and labor was furnished to appellant and the work was done according to the contract as claimed by appellee in his claim in the amount as found by the trial court. Appellant testified as to the terms of the contract as stated above. The question as to what the contract was and whether the appellee had complied with the terms thereof was a question of fact for the court to decide.

Cecil Mullen, bookkeeper for appellee, produced two ledger sheets of account with the appellant, which he testified was a complete account of the transactions with appellee for 1929; that no other record was kept by appellee. It was kept from day to day in due course of business of the company's transactions which were made. The ledger sheets were then offered in evidence, and were admitted over the objection of appellant, which was upon the ground that the ledger is not a book of original entry. The ledger sheets showed

the material delivered as testified to by witnesses for appellee. It is true that a book account to be admissible in evidence must be a book of original entry. Formerly, bookkeeping consisted of a day book, a journal and a ledger, but where records are kept in one book only, and the entries are made therein daily as they occur, there can be no reason why such entries are not competent evidence, even though the book may be called a "ledger."

It has been held that, in view of the change in business of using "loose leaf" books of account, it would seem clear that leaves of such books are competent evidence. *Quality Car Co.* v. *Corkill* (1914), 187 Ill. App. 2; *Duffy* v. *Hardy Auto Co.* (1917), 180 Iowa 745, 163 N. W. 370; *State* v. *Stephenson* (1904), 69 Kans. 405, 76 Pac. 905, 105 Am. St. 171, 2 Ann. Cas. 841; *Givens* v. *Pierson's Admx.* (1916), 167 Ky. 574, 181 S. W. 324, Ann. Cas. 1917C 956; *Wylie* v. *Bushnell* (1917), 277 Ill. 484, 115 N. E. 618; *Queen City Savings Bank and Trust Co.* v. *Reyburn* (1908), 163 Fed. 597; *Wyman* v. *Henne* (1914), 127 Minn. 535, 149 N. W. 647.

We find no reversible error in the record.

Judgment affirmed.