Carl BOONE, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 1283S433.

Supreme Court of Indiana.

Jan. 10, 1985.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Carl Boone, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was originally charged with four counts of violations of the Indiana Uniform Controlled Substance Act and the state later added a habitual offender count. Petitioner entered into a plea agreement with the state in which he agreed to plead guilty to one of the controlled substance counts as a Class A felony while the state agreed to forego prosecution on the other three controlled substance counts and drop

the habitual offender count. Petitioner was sentenced pursuant to plea agreement to a twenty-year term of imprisonment. He now alleges that his plea was not knowingly and voluntarily entered because the trial court did not advise him of his right to a public trial or that the court was not a party to the plea agreement and was not bound by it.

At the outset, we note that petitioner has the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction relief proceeding. Ind.R.P.C. 1, § 5; *Turman v. State*, (1979) 271 Ind. 332, 392 N.E.2d 483. In our review of the denial of a petition for post-conviction relief, this Court does not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Davis v. State*, (1983) Ind., 446 N.E.2d 1317.

It is true as defendant contends that this Court has repeatedly emphasized that the record must show that the trial court informed the accused of all the constitutional rights he is waiving by direct statements at the time of the guilty plea. Strict compliance with the statute, Ind.Code § 35–35–1–2 (Burns 1984 Supp.) (formerly § 35–4.1–1–3 (Burns 1979 Repl.)) is required of our trial courts in order to determine that any waiver of fundamental constitutional rights is knowingly and intelligently given. *German v. State*, (1981) Ind., 428 N.E.2d 234. However, we have also found that the court does not have to use any particular language in carrying out the mandate of the statute. *McCann v. State*, (1983) Ind., 446 N.E.2d 1293.

In this case, the trial court did not use the word "public" in advising petitioner of his rights but did advise him that he had the right to an "early and speedy" trial with a jury of twelve people. He further explained that petitioner could not be convicted unless all twelve members of the jury agreed upon his guilt. The court also informed petitioner that he had the right to subpoena witnesses to testify in his behalf at a trial and that he had the right to confront and cross-examine any witnesses who testified against him. This discussion about the makeup of the jury and the type of rights petitioner would have to meet his accusers and present his defense was adequate to inform him of his right to a public trial. *Lowe v. State*, (1983) Ind., 455 N.E.2d 1126; *Garringer v. State*, (1983) Ind., 455 N.E.2d 335.

The record shows that the court determined that petitioner was thirty-two years old, was able to read, and had read and understood the written plea agreement which he signed. The court informed petitioner several times that *if* he accepted the plea he would hold a sentencing hearing before he would pronounce judgment. He also explained that *if* the court accepted the plea, then the court would be bound by the state's recommendation and sentence as stated in the plea. This discussion did adequately inform petitioner that the court had made no prior commitments, was not a party to the plea agreement, and was not bound to accept it. Under the circumstances of this case, we find that petitioner was meaningfully informed of his rights and that the guilty plea was knowingly and voluntarily entered.

For all of the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., dissents.