Avis Maxine HATTON, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 53A04–8604–CR–114.

Court of Appeals of Indiana, Fourth District.

Oct. 8, 1986.

Patrick M. Schrems, Deputy Monroe County Public Defender, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Defendant-Appellant Avis Maxine Hatton (Hatton) appeals her conviction for Welfare Fraud, IC 35-43-5-7, a class A misdemean-

or, and Conversion, IC 35-43-4-3, a class A misdemeanor.

Affirmed in part and reversed in part.

ISSUES

Because we reverse, we address only the following three issues: [1]

1. whether the trial court erred in admitting a computer printout sheet into evidence without proper foundation;

2. whether the trial court erred in admitting certain other evidence; and

3. whether there was sufficient evidence to sustain the conviction.

FACTS

In November, 1979, Hatton applied and received approval for Medicaid assistance from the Monroe County Welfare Department. She was found to be permanently and totally disabled due to an arthritic condition. Hatton represented she was not employed and had last worked as a housecleaner several years ago. Her only listed income was $155 per month from the Veteran's Administration for benefits due her. Hatton signed an application form which stated in part:

I understand that I will be asked to provide proof of the information which I have given and I agree to help the county Welfare Department obtain the necessary verifications. I also understand that a person who receives assistance by giving false information may be criminally prosecuted under applicable Federal or State law.

I agree to let the county Welfare Department know within seven (7) days of any changes in my family income or resources and to also report within seven (7) days any change in my living arrangements or family conditions.

(R. 59).

After becoming eligible for Medicaid benefits in January 1981, Hatton either reported she had no employment income or failed

---

1. Since we reverse the conversion conviction, it is not necessary to address the issues of

   1. whether the court erred in ordering consecutive sentences;

   2. whether the court erred in ordering restitution without determining the defendant had the ability to pay; and

   3. whether the court erred in sentencing Hatton on both counts.

to report employment income. However, during this time, Hatton had at least three separate housekeeping jobs for which she earned from $15 to $20 per week per job.

On May 31, 1985, the Monroe County Grand Jury indicted Hatton on Count I, Welfare Fraud, a class D felony, and Count II, Theft, a class D felony. Trial commenced on October 3, 1985. The court amended Count II of the indictment to allege Conversion, a class A misdemeanor, rather than Theft. During the trial, the State offered various records, forms, and case narratives maintained by the Monroe County Welfare Department. In particular, a computer record promulgated by the Indianapolis Welfare Department was entered into evidence. Hatton objected to the admission of these documents into evidence claiming a proper foundation had not been laid for their admission. She further objected, claiming they were not the best evidence of the matters they attempted to portray. The trial court overruled the objections and admitted the records into evidence under the business record exception to the hearsay rule.

The jury convicted Hatton of both counts as class A misdemeanors. The court imposed one year suspended sentences for each conviction to be served consecutively. She was placed on probation and ordered to pay restitution of $14,420 at the rate of $50 per month.

## DISCUSSION AND DECISION

■ Hatton claims the computer printout sheet listing the dollar amounts paid to her from the Medicaid Program were improperly admitted into evidence. Specifically, she contends the State failed to lay the proper foundation for admitting the evidence. We agree.

Our Supreme Court has approved the admission into evidence of business records which are stored on a computer and electronically printed out on demand when a sufficient foundation is laid. *Allen v. State* (1982), Ind., 439 N.E.2d 615, 617. In *Brandon v. State* (1979), 272 Ind. 92, 396 N.E.2d 365, the Supreme Court said:

[I]t must be shown that the electronic computing equipment is standard, that the entries are made in the regular course of business at or reasonably near the time of the happening of the event recorded, and that the testimony satisfies the court that the sources of information and method and time of preparation were such as to indicate its authenticity and accuracy and justify its acceptance as trustworthy.

*Id.*, 396 N.E.2d at 370. The State admits the *Brandon* foundational requirements were not met during trial. (Appellee's Brief, p. 14).

Ann Gallagher (Gallagher) supervised the Monroe County Welfare Department. She was called by the State to testify about the computer readout sheet. Gallagher had no personal knowledge of the computer system used to generate the amounts paid from the Medicaid program. The computer readout sheet was generated in the Indianapolis welfare office and the witness did not know how or when the information was entered into the computer. Under the *Brandon* rule the evidence was improperly admitted.

■ Hatton next contends the business records admitted into evidence from the Monroe County Welfare Department were improperly admitted. We disagree.

Gallagher testified as to the procedure for gathering and recording the information about Hatton in her office. She did not personally gather the information but was in charge of those who did.

This court summarized the various Indiana cases defining the business record exception to the hearsay rule in *American United Life Ins. Co. v. Peffley* (1973), 158 Ind.App. 29, 301 N.E.2d 651, 656 and outlined the requisites for admissibility.

A synthesis of Indiana cases treating what modern authorities call the "business record" exception to the hearsay rule is that documentary evidence is admissible if identified by its entrant or one under whose supervision it is kept and shown to be an original or a first permanent entry, made in the routine course of

business, at or near the time of the recorded transaction, by one having both a duty to so record and personal knowledge of the transaction presented by the entry. *Herman v. State*, (1965), 247 Ind. 7, 210 N.E.2d 249, *cert. denied* [1966], 384 U.S. 918, 86 S.Ct. 1364, 16 L.Ed.2d 439; *Polus v. Conner*, (1931) 92 Ind.App. 465, 176 N.E. 234; *J.P. Smith Shoe Co. v. Curme-Feltman Shoe Co.*, (1918) 71 Ind.App. 401, 118 N.E. 360; *Marks v. Box*, (1913), 54 Ind.App. 487, 103 N.E. 27; *Indianapolis Outfitting Co. v. Cheyne Electric Co.*, (1913) 52 Ind.App. 153, 100 N.E. 468.

As head of the Monroe County Welfare Department, Gallagher was eminently qualified to testify to the information gathered in her office.

What we demand is someone with a functional understanding of the record-keeping process of the business with respect to the specific entry, transaction or declaration contained in the document.

*Baker v. Wagers* (1984), Ind.App., 472 N.E.2d 218, 221. These records were properly admitted.

■ Hatton next contends hearsay evidence of letters from her housecleaning employers should not have been entered into evidence. Although we agree the letters were hearsay and improperly admitted, we find their entrance into evidence is harmless error.

Reversal should not be predicated on the erroneous admission of evidence when evidence of the same probative value is admitted without objection. *Wallace v. State* (1985), Ind., 486 N.E.2d 445, 461. In this case the employers who wrote the letters were later called as witnesses and testified about the topics covered in the letters. The letters were cumulative in nature. The improper admission of the same or similar properly admitted evidence is harmless error. *Barrow v. Talbot* (1981), Ind. App., 417 N.E.2d 917, 926. Thus, this error was harmless.

### Sufficiency of the Evidence

Hatton claims the evidence presented by the State is not sufficient to support her conviction. In reviewing a claim of insufficient evidence we neither reweigh the evidence nor assess the credibility of witnesses. We examine only the evidence favoring the judgment, together with the reasonable inferences arising therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilty beyond a reasonable doubt, the verdict will not be disturbed. *Everroad v. State* (1982), Ind., 442 N.E.2d 994, 1001; *Smith v. State* (1986), Ind.App., 489 N.E.2d 140, 141.

■ The evidence most favorable to the State reveals Hatton received income from housecleaning employment but failed to report this income to the Monroe County Welfare Department. There is sufficient evidence to support the jury's conclusion that Hatton knowingly or intentionally concealed information for the purpose of receiving public relief or assistance to which she was not entitled. This evidence is adequate to support her Welfare Fraud conviction. Because the evidence concerning Medicaid payments was erroneously admitted, Hatton's conviction for Conversion must be reversed. It follows the trial court's repayment order must be vacated, pending re-trial or dismissal. Any monies paid by Hatton as restitution shall be held in escrow pending re-trial. In the event of dismissal or a finding of not guilty after re-trial, these funds shall be returned to her. Otherwise, they shall be subject to the trial court's further order.

Affirmed as to the Welfare Fraud count, reversed as to the Conversion count, and remanded for further proceedings consistent with this opinion.

MILLER and YOUNG, JJ., concur.