Anthony **WILLIAMS**, Appellant
(Petitioner Below),

v.

**STATE** of Indiana, Appellee
(Respondent Below).

No. 2–885A265.

Court of Appeals of Indiana,
Second District.

Oct. 30, 1986.

Susan K. Carpenter, Public Defender, Vickie Yaser, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Anthony Williams appeals the denial of his petition for post-conviction relief. We affirm.

## FACTS

On June 27, 1975 Williams pled guilty to two counts of theft under $100 [1] pursuant to a written plea agreement in which the State recommended Williams receive concurrent executed sentences of not less than one (1) nor more than five (5) years. The trial court accepted Williams's pleas and sentenced him in accordance with the State's recommendation. In 1984 Williams filed the instant post-conviction relief petition wherein he alleged his pleas of guilty were involuntary and unintelligent due to the guilty plea court's failure to comply with Ind.Code Ann. § 35–4.1–1–3 (Burns 1975), recodified, as amended at Ind.Code Ann. § 35–35–1–2 (Burns 1985).

## ISSUES

Williams claims the guilty plea court failed to advise him

1) of his right to a public and speedy trial;

2) of the minimum and maximum penalties;

3) the court was not a party to the plea agreement and was not bound by it;

4) of the possibility of consecutive sentences and

5) his prior convictions could be used to enhance his sentences.

In addition, he claims there was an inadequate factual basis for his plea of guilty to one of the theft charges.

---

1. Ind.Code Ann. § 35–17–5–3 (Burns 1975); *see also* Ind.Code Ann. § 35–17–5–12 (Burns 1975) (penalty).

## DISCUSSION

■ Our standard of review of Williams's claim is that recently enunciated by our supreme court in *White v. State* (1986), Ind., 497 N.E.2d 893:

> "A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision involuntary or unintelligent. Of course, unless the record reveals that the defendant knew or was advised at the time of his plea that he was waiving his right to a jury trial, his right of confrontation and his right against self-incrimination, *Boykin* [*v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] will require that his conviction be vacated."

497 N.E.2d at 905. Thus, a petitioner who seeks relief from an asserted involuntary and unintelligent guilty plea arising from the guilty plea court's failure to comply with IC § 35–35–1–2 must prove not only the court's failure to comply but also must prove he was prejudiced by the omission. He can establish the required prejudice if he shows he did not know the substance of the omitted advisement and further, his plea decision would have been different had he known and understood the omitted advisement.

■ In deciding a claim a plea was not made voluntarily and intelligently, "we will review all the evidence before the [post-conviction] court including testimony given at the post-conviction trial, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are part of the record." *White*, 497 N.E.2d at 905.

■ The guilty plea court did not comply with I.C. § 35–4.1–1–3, the applicable advisement statute, in that it omitted the advisements alleged in Williams's petition, and thus the guilty plea court erred. However, reviewing the entire record,[2] the written plea agreement advised Williams of his right to a public and speedy trial,[3] the range of penalties and the court's role in the plea agreement. Furthermore, the presentence report, which evidences Williams is a high school graduate, supports the conclusion Williams possessed sufficient facility with the English language to read and understand the plea agreement. *See Hunt v. State* (1986), Ind.App., 487 N.E.2d 1330, 1332–35. Based upon the plea agreement and Williams's education it is reasonable to infer Williams knew of the omitted rights contained in the agreement. Thus, as to those omitted rights, the post-conviction relief court properly concluded Williams failed to prove he was prejudiced by the guilty plea court's omission.

■ The post-conviction relief court also properly concluded Williams failed to prove he was prejudiced by the guilty plea court's failure to advise him concerning the possibility of consecutive sentences or the possibility of increased sentences due to prior convictions. Williams did not show he was prejudiced by any lack of knowledge, nor

2. Williams argues the plea agreement is not part of the record because it was not file marked. His argument fails because the guilty plea judge specifically ordered the plea agreement incorporated within the transcript of the guilty plea proceedings, and thus it was properly the subject of judicial notice by the post-conviction court. There is also no merit to Williams's claim the plea agreement is not part of the record because the day of the month it was executed has apparently been changed. It does appear the figure "16" has been overwritten with the figure "27". However, a reasonable explanation appears in the record in that the guilty plea hearing was continued from June 16, 1975 to June 27, 1975. In any event, a mere writeover, unaccompanied by any claim of fraud, etc. does not invalidate the plea agreement. Thus, the post-conviction hearing court could properly look to the written agreement to determine whether Williams was aware of the rights he was waiving by pleading guilty.

3. Further, Williams's Request for Speedy Trial, filed October 18, 1974, evidences his knowledge of his right to a speedy trial.

could he because neither of the possibilities of which he was not advised were in fact possibilities. The guilty plea court could have neither imposed consecutive sentences nor increased the sentences.

■ Sentences must be served concurrently in the absence of a statute specifically authorizing consecutive sentencing. *Baromich v. State* (1969), 252 Ind. 412, 249 N.E.2d 30. The conduct which formed the basis of Williams's guilty pleas occurred in 1973, and at that time the trial court's authority to impose consecutive sentences did not extend to Williams's circumstances. *See* Ind.Code Ann. § 11–2–1–1 (Burns Supp.1971). Also, a sentence of not less than one (1) nor more than five (5) years is the maximum penalty for theft under $100. Accordingly, Williams's ignorance of the possibility of consecutive or increased sentences could not have adversely affected his plea decision because they were not possibilities. Furthermore, the guilty plea court's failure to advise Williams of the possibility of consecutive or increased sentences is harmless because the sentences imposed were neither consecutive nor increased over that to which he agreed.

■ Finally, Williams asserts his guilty plea to one charge was not knowing, intelligent, and voluntary because he did not remember the events on which the crime was based and, therefore, there was an inadequate factual basis for his plea.[4] The written plea agreement signed by Williams states "I know the court will not accept a plea of guilty from anyone who claims to be innocent, and, I make no claim of innocence. I now state that I did commit the crime to which I am pleading guilty." Record at 88. However, during the guilty plea hearing, Williams stated he did not have a complete memory of what happened, and his attorney said "we neither affirm or deny. But he wants to enter a plea of guilty ... and we would concede that there is sufficient evidence ... for the State to show that Mr. Williams committed the crime." Record at 134. The court then asked "So as far as you know, what the prosecutor said happened, did happen, right?", and Williams replied, "Yes". *Id.*

In *Gibson v. State* (1986), Ind., 490 N.E.2d 297, the defendant, who at one time had been diagnosed as depressive, testified at the guilty plea hearing he could not recall any specific details of the burglary to which he was pleading guilty nor the details of any of his prior felony convictions. Nevertheless, Gibson admitted his guilt and stated he had no reason to disbelieve the recited factual basis. The Indiana Supreme Court stated, "[Gibson] neither claims nor does he show that his failure to recall details of his crime amounted to a

---

4. To the extent Williams attempts to also argue an inadequate factual basis relating to the events giving rise to the theft charge we direct his attention to the following excerpt from the record:

"COURT: So you're telling me that in each case that you stole property of a hundred dollars or less from each one of the people who is named, is that right?
MR. WILLIAMS: Yes, sir."
Record at 121.
"COURT: ... why don't you do the best you can on the summary.
MR. JOEST: Yes, Your Honor. With regard to CR 74–251D, on September 10, 1974, Harold V. Heiden was robbed of $30 cash belonging to the Kentucky Control Life Insurance Company and $15 of his personal money by a negro male at 3062 North New Jersey Street, Indianapolis, Marion County. The subject had his hand in his pocket as though he had a gun. On September 11, 1974, the victim selected a photograph of Anthony Wil-

liams as the subject that had robbed him. On September 18, 1974, the victim positively identified Williams in person as the subject that robbed him."
Record at 131–132.
"MR. SELLS: As to the charge of robbery involving Mr. Hilden—Harold Heiden. That's the one where there's question concerning consciousness of guilt. We neither affirm or deny. But he wants to enter a plea of guilty. He's doing it freely and voluntarily and he feels that it's in his best interests, and we would concede that there is sufficient evidence to—for the State to show that Mr. Williams committed the crime.
COURT: Do you agree with that? Say yes or no, please.
MR. WILLIAMS: Yes.
COURT: Okay. So far as you know, what the prosecutor said happened, did happen, right?
MR. WILLIAMS: Yes."
Record at 134.

1336

protestation of innocence." The court then concluded the plea was not invalid according to *Ross v. State* (1983), Ind., 456 N.E.2d 420, which held a defendant may not plead guilty and simultaneously claim his innocence. *Gibson* establishes the sufficiency of the instant factual basis against Williams's challenge based upon a lack of consciousness of guilt.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, JJ., concur.