**Mark A. PARKER, Appellant
(Petitioner Below),**

v.

**STATE of Indiana, Appellee
(Respondent Below).**

**No. 985S352.**

Supreme Court of Indiana.

Nov. 25, 1986.

confinement.  Ind.Rules of Procedure for Post-Conviction Remedies, Rule PC 1.  We affirm.

Parker's petition for post-conviction relief alleged that his pleas had been involuntary and unintelligent because the trial judge failed to advise him that by pleading guilty he was waiving his right to a public trial.  He also alleged that the judge failed to tell him that the court was not a party to or bound by the plea agreement.  Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.), since repealed and replaced by Ind.Code § 35–35–1–2.

A trial judge need not use the specific language of the statute when addressing a defendant.  It is sufficient if the ideas contained in the statute are conveyed. *McCann v. State* (1983), Ind., 446 N.E.2d 1293.

Here, the trial judge told Parker that he had a right to "an early and speedy trial" with a jury of twelve people.  He told him that he could not be convicted unless all twelve members of the jury agreed upon his guilt.  He informed Parker that he had the right to confront and cross-examine the State's witnesses and subpoena witnesses to testify in his defense.  "This discussion about the makeup of the jury and the type of rights petitioner would have to meet his accusers and present his defense was adequate to inform him of his right to a public trial." *Boone v. State* (1985), Ind., 472 N.E.2d 607, 608.

As for the court's duty to convey its own detachment from the bargaining process, the judge told Parker several times that acceptance of the plea bargain was a matter of discretion.  He told Parker that there would be a sentencing hearing *if* the plea was accepted.  He told Parker that the recommended sentence would be imposed *if* the plea was accepted.  "This discussion did adequately inform petitioner that the court had made no prior commitments, was not a party to the plea agreement, and was not bound to accept it." *Id.*, 472 N.E.2d at 608; *accord, Hatton v. State,* (1986), Ind. App., 498 N.E.2d 398.

Susan K. Carpenter, Public Defender, Michael Hunter Freese, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Mark Anthony Parker appeals the denial of a petition by which he sought relief from pleas of guilty to burglary, robbery, and

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.