James W. FREEMAN,
Petitioner–Appellant,

v.

STATE of Indiana,
Respondent–Appellee.

No. 82A01–8705–PC–109.

Court of Appeals of Indiana,
First District.

Dec. 7, 1987.

Angela D. Chapman, Evansville, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

James E. Freeman appeals the denial of his petition for post-conviction relief alleging that his guilty plea to a charge of driving while intoxicated was not entered knowingly, voluntarily, and intelligently. We affirm.

## FACTS

On March 25, 1983, Freeman pleaded guilty to the charge of operating a motor vehicle while intoxicated. Prior to that, he signed a written form in which he waived all of his rights, indicated that he understood the nature of the charges against him, that he was aware of the possible range of sentences, and that he was signing the form of his own free will. Three years later, Freeman discovered that the record of his guilty plea hearing was missing. After unsuccessfully attempting to reconstruct the record, Freeman and the State stipulated as to the impossibility of reconstructing the record.

At the post-conviction hearing, Freeman testified that he did not know that he had waived all of his rights. However, he admitted that at the guilty plea hearing the trial judge read him all of the rights contained in the waiver of rights form which he signed. Additionally, Freeman admitted that he had been drinking when he was arrested and that he pleaded guilty because he was "arrested for drinking". Freeman now appeals.

## ISSUES

1. Whether the post-conviction court erred in applying *White* retroactively.

2. Whether the post-conviction court erred in finding that the petitioner's guilty plea was entered knowingly, intelligently, and voluntarily.

## DISCUSSION AND DECISION

In post-conviction relief proceedings, the burden of proof rests upon the petitioner to establish the grounds of relief by a preponderance of the evidence. Ind.Rules of Procedure, Post–Conviction Rule 1, § 5; *Robinson v. State* (1986), Ind., 493 N.E.2d 765, 767; *Boone v. State* (1986), Ind., 472 N.E. 2d 607, 608. On appeal of the denial of a petition for post-conviction relief, we will neither reweigh the evidence nor judge the credibility of witnesses. *Boone*, at 608. We will reverse only when the evidence is without conflict and leads unerringly to a result contrary to that reached by the trial court. *Id.*

*Issue One*

Freeman alleges that the post-conviction court erred in retroactively applying the standard enunciated in *White v. State* (1986), Ind., 497 N.E.2d 893, to his guilty plea which was entered about three years prior to *White*. Freeman argues that the standard of *German v. State* (1981), Ind., 428 N.E.2d 234, which was overruled by *White*, should have been applied. We disagree. The Indiana Court of Appeals is obligated to follow the precedent established by the Indiana Supreme Court. *Kubiak v. State* (1987), Ind.App., 508 N.E. 2d 559, 561; *Patton v. State* (1987), Ind. App., 507 N.E.2d 624, 626. We recognize that our supreme court in *White* did not

address the issue of whether the new standard should be applied to guilty pleas entered before *White* was decided. However, since *White,* our supreme court consistently has applied its new standard retroactively. *Merriweather v. State* (1986), Ind., 499 N.E.2d 209; *Reid v. State* (1986), Ind., 499 N.E.2d 207; *Simpson v. State* (1986), Ind., 499 N.E.2d 205. We therefore refuse Freeman's invitation to apply the *German* standard to his guilty plea.

*Issue Two*

Freeman is correct in his assertion that Indiana Code section 9-4-7-9 applies to guilty pleas for misdemeanor traffic offenses. That statute provides as follows:

"Plea of guilty—Procedure.—Before accepting a plea of guilty to a misdemeanor traffic offense, the court shall inform the defendant of his rights, which shall include, but not be limited to, the right to:

(1) Engage counsel;

(2) A reasonable continuance to engage counsel to subpoena witnesses;

(3) Have process issued by the court, without expense to him, to compel the attendance of witnesses in his behalf;

(4) Testify or not to testify in his own behalf;

(5) A trial by jury; and

(6) Appeal.

The court shall inform the defendant if he is convicted, that a record of the conviction will be sent to the motor vehicle commissioner of this state or of the state where defendant received his license to drive, to become a part of his driving record."

The advisements required by Ind.Code § 9-4-7-9 are substantially similar to those embodied in Indiana Code section 35-35-1-2. However, the former section contains the additional advisements of the right to appeal and that a record of a misdemeanor traffic offense conviction would be forwarded to the motor vehicle commissioner to be made part of the defendant's driving record. In the present case, Freeman signed a written waiver and acknowledgment of all those rights found in Ind.Code

§§ 9-4-7-9 and 35-35-1-2 except the requirement in the former section that the defendant be advised of his conviction, following a guilty plea, being sent to the motor vehicle commissioner.

Our court has previously held that a guilty plea to the charge of driving while intoxicated was invalid due to the trial court's failure to strictly comply with Ind. Code § 9-4-7-9. In *Mottern v. State* (1984), Ind.App., 466 N.E.2d 488, this court analyzed the supreme court cases, including *German v. State* (1981), Ind., 428 N.E. 2d 234, which held that strict compliance with the predecessor of Ind.Code § 35-35-1-2 was necessary to validate guilty pleas. From this precedent, our court reasoned that the same standard was necessary for cases involving Ind.Code § 9-4-7-9. We stated, "Compliance with Ind.Code § 9-4-7-9 is equally as obligatory as compliance with Ind.Code § 35-4.1-1-3 (now Ind.Code § 35-35-1-2), and the consequences of noncompliance are equally fatal to the validity of the guilty plea." *Mottern,* at 490. We then held that since the trial court failed to advise the accused of his right to appeal, the guilty plea was invalid.

▪ Freeman urges us to apply *Mottern* to invalidate his guilty plea since the trial judge did not strictly adhere to Ind. Code § 9-4-7-9. We refuse his invitation because *Mottern* is distinguishable from this case. *Mottern* was premised wholly upon our supreme court's standard enunciated in *German.* Last year, in *White v. State* (1986), 497 N.E.2d 893, our supreme court overruled *German* and established a new standard. Now, the post-conviction petitioner cannot rely merely upon the trial court's failure to advise him of one or more of the necessary advisements in order to invalidate a guilty plea. The petitioner must show by a preponderance of the evidence that the court's failure to make a full inquiry rendered his guilty plea involuntary or unintelligent. *White,* at 905. In addition, the petitioner must show that he would have pleaded differently had he known and understood the omitted advisement. *Holliday v. State* (1986), Ind., 498

N.E.2d 1239, 1240; *Williams v. State* (1986), Ind.App., 498 N.E.2d 1332, 1335, *trans. denied.* Although *White* and its progeny apply to Ind.Code § 35–35–1–2, we see no reason why the *White* analysis should not apply to Ind.Code § 9–4–7–9. Surely, if our supreme court articulated a more strict standard for post-conviction felons to overcome when challenging the validity of guilty pleas under Ind.Code § 35–35–1–2, a lesser standard would not be appropriate for traffic offense misdemeanants. Thus, we will apply the *White* standard to the advisements given to Freeman under Ind.Code § 9–4–7–9.

■ In the present case, we conclude that the post-conviction court did not err in denying Freeman's petition. Despite Freeman's testimony that he was not advised of certain rights, the State admitted into evidence the waiver of rights form which Freeman signed. Freeman also admitted that the trial judge read to him each of the rights listed on the waiver of rights form and that he responded affirmatively when the trial judge inquired as to whether he understood each of the rights he was waiving. Therefore, there was sufficient evidence for the post-conviction court to conclude that he knew and understood these rights. The only advisement not given was that of Freeman's conviction being sent to the motor vehicle commissioner. Prior to *White*, this omission would have been enough to invalidate Freeman's conviction. However, such is no longer the case. Freeman did not prove that he would have changed his plea had he been given this advisement. *See Holliday, supra.* We are unable to conclude that the evidence before the post-conviction court was without conflict and lead unerringly to a result contrary to that reached by the post-conviction court. Therefore, the court did not err in denying Freeman's petition.

■ Freeman urges us to change our holding because the transcript of the original sentencing hearing is unavailable and cannot be reconstructed. As Freeman points out, the State stipulated that the record could not be reconstructed. *See* Indiana Rules of Procedure, Appellate Rule 7.2(A)(3)(c); *Zimmerman v. State* (1982), Ind., 436 N.E.2d 1087; *Wilburn v. State* (1986), Ind.App., 499 N.E.2d 1173, *trans. denied.* However, the record was sufficiently reconstructed based upon Freeman's written waiver of rights and his testimony at the post-conviction hearing to enable the court to intelligently review his guilty plea. Therefore, the unavailability of the record does not affect our holding.

Judgment affirmed.

ROBERTSON and STATON, JJ., concur.