**Joseph A. UNDERHILL, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 784S297.

Supreme Court of Indiana.

May 8, 1985.

Susan K. Carpenter, Public Defender, Kathryn Kelley, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant pled guilty to two counts of Murder. The court imposed two fifty (50) year concurrent sentences. He is now before this Court following the denial of his petition for postconviction relief.

The facts are: Appellant entered the home of his girlfriend and found her in bed with another man. After briefly arguing with the pair, he left the home. He went to his car and obtained a handgun. He again entered the home and encountered the man sitting in the living room. Appellant shot this victim three times. Appellant then searched the home until he found the female victim hiding in the bathroom. He mortally wounded her with two shots

from the gun. Appellant then fled from the home. He surrendered to the police at a later time.

Appellant, after initially offering a plea of not guilty and filing a notice of an insanity defense, withdrew both and pled guilty on July. 3, 1980. The date of the entry of the plea is critical in light of this Court's recent announcement in *Williams v. State* (1984), Ind., 468 N.E.2d 1036 (Givan, C.J. and Pivarnik, J., dissenting) and *Crocker v. State* (1985) Ind., 475 N.E.2d 686 (Pivarnik, J., dissenting). In these cases we held the strict compliance requirements of *German v. State* (1981), Ind., 428 N.E.2d 234 (Givan, C.J. and Pivarnik, J., dissenting) were only to be applied prospectively from December 3, 1981.

■ *Williams* and *Crocker* direct that an appellate court, which is reviewing the issue of whether a pre-*German* guilty plea was knowingly and intelligently entered, is to apply the standard outlined in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714. Under *Neeley* the appellate court is to look to the entire record to determine if the appellant was fully advised of and understood his constitutional rights.

Appellant contends the sentencing court erred by failing to fully comply with the requirements of the guilty plea statute, Ind.Code § 35–4.1–1–3 (repealed by Acts 1981, P.L. 298; amended and recodified as Ind.Code § 35–35–1–2). He argues the failure to so comply rendered the guilty plea defective and thus it was not knowingly, intelligently and voluntarily provided. Specifically, he avers the court failed to comply with subsection (d) of the statute which provides:

"Defendant to be advised by court. The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(d) informing him of the maximum possible sentence and minimum sentence for the offense charged and *of any possible increased sentence by reason of the fact of a prior conviction or convictions,* and of any possibility of the imposition of consecutive sentences[.]" (Emphasis added.)

Appellant maintained the court did not advise him that his past convictions could serve as the basis for an increased sentence. Appellant's past criminal record consisted of one conviction in Kentucky for Driving Under the Influence. In that case appellant pled guilty and paid a fine.

The post-conviction relief court found:

"This Court made a finding on July 3, 1980 that the Petitioner understood the nature of the charges against him, that he understood the possible sentences, that his pleas were free and voluntary and that they were accurate. The Court finds that said pleas were entered knowingly, intelligently and voluntarily. Nothing has been presented to the Court which could allow it to hold otherwise."

Appellant now cites to an extensive list of cases which have held the failure to advise of the possibility of an enhanced sentence due to a prior conviction is reversible error. *Bates v. State* (1984), Ind., 465 N.E.2d 726 (Givan, C.J. and Pivarnik, J., dissenting); *Avery v. State* (1984), Ind., 463 N.E.2d 1088 (Givan, C.J. and Pivarnik, J., dissenting); *Johnson v. State* (1983), Ind., 453 N.E.2d 975 (Givan, C.J. and Pivarnik, J., dissenting). However, these cases were decided prior to our holding in *Williams* and *Crocker* and they applied the strict compliance standards of *German.* While the fate of those cases is not before this Court, their precedential value is limited by our holding in *Williams* and *Crocker.* Based upon the date when the plea was entered in the case at bar, we will apply the *Neeley* standard and the pre-*German* case law which discussed the application of this particular section of the statute.

■ We believe the purpose of subsection (d) is to ensure that a criminal defendant is fully cognizant of the range of penalties prior to a guilty plea. We held in *Turman v. State* (1979), 271 Ind. 332, 392 N.E.2d 483 that the record must provide a sufficient basis for the conclusion that the defendant was meaningfully informed of this section of the code. In the case at bar

the trial court conducted a lengthy interrogation of appellant prior to accepting the guilty plea. The record clearly demonstrates that appellant was fully advised concerning the penalties that could be imposed under the statute and the difference between concurrent sentences and consecutive sentences.

■ The court advised appellant that additional years could be added to the presumptive sentence for aggravating circumstances. A history of criminal activity is one of the factors the court may consider as an aggravating circumstance. *See* Ind. Code § 35–4.1–4–7(c)(2). The court listed several aggravating factors it found to be present. A past criminal history was not a factor listed. Under pre-*German* case law the language of the statute does not require the court to advise of the effect of prior convictions unless they bear directly upon the length of sentence imposed under the guilty plea. *Jamerson v. State* (1979), 182 Ind.App. 99, 394 N.E.2d 222; *Bullock v. State* (1980), Ind.App., 406 N.E.2d 1220. It is clear from the record in this case that the prior criminal record was not considered by the court in its sentencing determination.

■ Appellant contends the trial court erred when it accepted the guilty plea when the factual basis arguably supported a voluntary manslaughter plea. He argues the factual record demonstrates the presence of sudden heat as a mitigating factor. The record reveals the prosecutor read the information which alleged the facts supporting the murder charge. The court inquired whether appellant admitted the facts alleged in the charge and appellant answered, "Yes, sir." The trial court's inquiry and appellant's admission suffice to establish a factual basis for the entry of the plea. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

Lastly appellant argues the trial court erred when it accepted the guilty plea without first holding a competency hearing. Appellant did file a notice of insanity defense. The court then properly appointed three doctors to examine appellant. All three performed psychiatric evaluations and all three reported to the court that appellant was competent to stand trial. Shortly thereafter appellant withdrew the notice and pled guilty.

Appellant now acknowledges the court complied with the insanity defense statute through its initial procedures. However, he maintains the court erred when it failed to hold the competency hearing which is mandated by the statute. He contends that once the machinery of the statute is put into motion the court is obligated to complete the steps outlined. One of those steps is the holding of a hearing when the doctors are examined concerning their findings.

■ If this case had gone to trial with appellant continuing to assert the insanity defense, then appellant would be correct. *Smith v. State* (1983), Ind., 443 N.E.2d 1187. However, that is not the fact of this case. Appellant voluntarily withdrew his insanity defense. The court was then to determine whether a question of competency existed which would impinge on the ability of appellant to knowingly, intelligently and voluntarily waive his rights. Decisions of the court on this issue will be disturbed on appeal only when there is a clear showing of error. *Malo v. State* (1977), 266 Ind. 157, 361 N.E.2d 1201.

■ In the case at bar the court had before it the reports of three doctors. They agreed appellant was competent to stand trial and that he was sane at the time of the murders. The court was also in an excellent position to observe the demeanor of the appellant during the hearing. Additionally, the court directly questioned appellant concerning his mental state. On this issue the post-conviction relief court found:

"There was nothing before the Court at the time the defendant entered guilty pleas to lead the Court to believe that the petitioner was incompetent in any manner whatsoever. In fact, everything before the Court led to the conclusion that petitioner was fully competent."

Appellant's assertion that the filing of the notice coupled with the circumstances of the case demonstrate clear error on the part of the trial court is without merit.

The trial court is in all things affirmed.

All Justices concur.