**Rick R. CREAGER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 185 S 36.**

Supreme Court of Indiana.

June 10, 1985.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

On January 18, 1978, appellant pleaded guilty to a charge of Second Degree Murder in the death of Donald Creager, his father. This is an appeal from a denial of his Petition for Post-Conviction Relief. The sole issue on this appeal is whether the trial court failed to advise appellant of certain matters required by Ind.Code § 35–4.-1–1–3 and whether such failure requires vacation of the plea and sentence.

The pertinent facts are: Appellant was charged in Wabash Circuit Court with Count I, Murder in the First Degree and Count II, Assault and Battery with Intent to Kill. A change of venue was taken to the Grant Superior Court No. 2. Following the change of venue and pursuant to a plea agreement, a new charge, Count III, Murder in the Second Degree was filed. Following the new charge, appellant entered a plea of guilty to Second Degree Murder. On February 24, 1978, appellant was sentenced to a term of life imprisonment on Count III. Counts I and II were dismissed.

Appellant claims the trial court failed to advise him:

1) That the court would proceed with entry of judgment and sentence,

2) That Petitioner possessed and was waiving a right to have a speedy trial,

3) That the Court was not a party to the plea agreement and was not bound thereby, and

4) Of any possibility of an increased sentence by reason of prior convictions.

Appellant cites *German v. State* (1981), Ind., 428 N.E.2d 234 to support his position. However, in *Williams v. State* (1984), Ind., 468 N.E.2d 1037 and *Crocker v. State* (1985), Ind., 475 N.E.2d 686, this Court held

that the application of *German* would only operate prospectively. Any pleas received prior to the decision in *German,* that is December 3, 1981, would be decided under the guidelines laid down in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714. *See also Clark v. State* (1978), 270 Ind. 104, 383 N.E.2d 321. Both *Neeley* and *Clark* hold that the reviewing court will look to the entire record to determine whether the plea of guilty was entered freely and knowingly. In *Clark* the Court held that a written plea agreement setting forth appellant's rights and signed by him could be used for that purpose.

 In the instant case a written plea agreement signed by the appellant recited his right to a speedy trial, that the agreement between the defendant and the State was only a recommendation and that the court was in no way bound by the recommendation of the plea agreement. We therefore hold that under the pre-*German* standard appellant's first three contentions were adequately handled.

This leaves the question as to whether or not the trial court committed reversible error concerning the failure to advise appellant that his sentence could be increased by reason of prior convictions. Appellant cites to *Hayenga v. State* (1984), Ind., 463 N.E.2d 1383 and *Bates v. State* (1984), Ind., 465 N.E.2d 726 for the proposition that the trial court must strictly comply with Ind. Code § 35–4.1–1–3. These cases hold that a criminal defendant must be advised the sentence for the cause at trial may be increased by reason of a prior conviction notwithstanding the fact the appellant has no prior criminal record.

Recently this Court held in *Underhill v. State* (1985), Ind., 477 N.E.2d 284, that for the guilty plea entered prior to *German, supra* there was no requirement for court advise as to the effects of prior convictions unless those convictions bear directly upon the length of sentence imposed under the guilty plea. *See Jamerson v. State* (1979), 182 Ind.App. 99, 394 N.E.2d 222; *Bullock v. State* (1980), Ind.App., 406 N.E.2d 1220.

In the case at bar the appellant was only fifteen years of age at the time of his sentencing. He had no prior criminal record. There was no possibility of an enhanced sentence by reason of a prior criminal record. We therefore hold that under *Underhill* appellant was not harmed by the failure of the court to advise him that a prior criminal record might cause enhancement of his sentence.

We find no reversible error in this case. The trial court is in all things affirmed.

All Justices concur except HUNTER, J., who is not participating.