Carey R. BLACKBURN, Appellant,

v.

STATE of Indiana, Appellee.

No. 685S232.

Supreme Court of Indiana.

May 28, 1986.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Carey R. Blackburn was charged with attempted robbery, a class A felony. On January 8, 1980, he pleaded guilty to attempted robbery, a class B felony, pursuant to a plea agreement, and was sentenced to twelve (12) years as provided for in the agreement. On April 25, 1983, Appellant filed his first petition for post-conviction relief, alleging that his guilty plea was not entered intelligently, knowingly, and voluntarily, which petition was denied. On July 18, 1983, Appellant's counsel at the post-conviction hearing sent him a letter detailing the trial court's findings and conclusions. Counsel explained that the case presented no "persuasive grounds for relief" and that an appeal most likely would not succeed, but further explained that Appellant had a right to appeal and that his office would handle the appeal, although he asked Appellant to forego such. No appeal was filed. On July 12, 1984, after receiving advice from a fellow inmate, Appellant requested permission to file a belated motion to correct errors, specifically based on his counsel's erroneous advice. The trial court granted the motion, but apparently no motion to correct errors ever was filed, nor was an appeal of the first post-conviction relief judgment filed. Instead, on November 21, 1984, Appellant filed a second petition for post-conviction relief, alleging ineffective assistance of counsel due to previous counsel's failure to appeal, and reiterating Appellant's earlier allegation of an improper guilty plea. The trial court denied the petition and Appellant now appears before us alleging the same two issues.

Since Appellant pleaded guilty and was sentenced prior to December 3, 1981, this case is governed by *Neeley v. State* (1978), 269 Ind. 588, 596, 382 N.E.2d 714, 718, wherein we held that the entire record should be considered in determining if the petitioner was fully advised of and understood his constitutional rights. *Joseph v. State* (1985), Ind., 483 N.E.2d 32, 35.

Appellant first alleges his guilty plea was entered improperly because the court failed to advise him of the nature of the charge against him. At the guilty plea hearing, however, Appellant, in his own words, acknowledged that on September 29, 1979, he attempted to rob Carol Luken and Mike McDermett at the American Fletcher National Bank on East 10th Street in Indianapolis by spraying the victims with mace while he was armed with a pellet gun. As Justice DeBruler held when he wrote for a unanimous Court in *DeVillez v. State* (1981), 275 Ind. 263, 267, 416 N.E.2d 846, 849, such a voluntary admission of each element of the offense is sufficient to support the trial judge's determination that the defendant is aware of the nature of the charge against him.

Appellant next argues that the court failed to advise him that it would proceed to judgment and sentence after acceptance of the plea. The record of the guilty plea hearing shows that Appellant was advised of his constitutional rights and that a guilty plea operates as a waiver of those constitutional rights. Appellant was further informed that the court could reject the plea agreement, in which case he could then stand trial. We addressed this same issue in *Pharris v. State* (1985), Ind., 485 N.E.2d 79, 80, where we held a defendant who so enters a guilty plea, "will of course know that a judgment will subsequently be entered and sentencing will be pronounced." The advised waivers which Appellant received here served to inform him that was all the trial he would receive; the

precise statutory language need not be used. *Id.*

 Finally, Appellant alleges error in that the trial court failed to advise him of the possibility of an increased sentence due to prior convictions. The plea agreement in the present case called for a twelve (12) year sentence. Although not a party to the agreement, once the court accepts a plea agreement, it is bound by the terms of that agreement. *Griffin v. State* (1984), Ind., 461 N.E.2d 1123, 1124. Appellant was clearly aware of the proposed sentence, and if the court accepted the plea, which it did, the court had no discretion to enhance that sentence. This Court has held that where prior convictions do not bear directly on the sentence imposed under the plea agreement, the trial court is not required to advise the defendant of the effect of those convictions. *Creager v. State* (1985), Ind., 479 N.E.2d 47, 48, *citing Underhill v. State* (1985), 477 N.E.2d 284, 287.

Appellant also contends that his counsel was ineffective because he failed to appeal the first denial of post-conviction relief. The guidelines for determining effectiveness of counsel require deciding (1) whether counsel's performance was so deficient that he was not functioning as counsel as guaranteed by the Constitution, and if so, (2) whether this failure to function as counsel was so prejudicial as to deprive the defendant of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693, U.S., *reh. denied* (1984), 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 96, *reh. denied* (1985), U.S., *cert. denied* (1986), —— U.S. ——, 106 S.Ct. 1241, 89 L.Ed.2d 349; *Elliott v. State* (1984), Ind., 465 N.E.2d 707, 710. Both poor performance and prejudice must be shown. *Id.* Appellant's argument fails on two counts.

 First, as we have determined previously, and as Appellant himself conceded at his second post-conviction relief hearing, there was no merit to Appellant's argument that the guilty plea was improperly entered. An attorney cannot be said to have acted ineffectively for discouraging a meritless appeal. Second, even if the advice of counsel was erroneous, Appellant cannot show prejudice due to such. The trial court gave Appellant an opportunity to file a belated motion to correct errors, which in turn would have allowed an appeal, but Appellant chose not to take advantage of the opportunity. Thus, any prejudice due to failure to appeal is the fault of Appellant, himself, as opposed to trial counsel. Furthermore, any prejudice due to the failure to appeal has been cured by the second post-conviction relief proceedings and this appeal, which have addressed all of the issues of the first hearing.

The trial court is in all things affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without opinion.