Darnell HATTON, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 1084S380.

Supreme Court of Indiana.

Nov. 6, 1986.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Hatton pled guilty to rape, criminal deviate conduct, two counts of robbery, and two counts of kidnapping. Pursuant to a plea bargain, the trial court imposed the presumptive term for each conviction. The court ordered that all sentences be served concurrently, except for one count of kidnapping, which ran consecutive to the sentences for rape and criminal deviate conduct. The total sentence imposed was sixty years.

■ Petitioner's sole argument is that his guilty pleas were not made voluntarily and intelligently because the trial court failed to advise him: of the right to a public trial, that the court was not a party to or bound by the plea agreement, of the possibility of an increased sentence due to prior convictions, and of the possibility of consecutive sentences, citing Ind.Code § 35–4.1–1–4 (Burns 1979 Repl.).

As petitioner, Hatton had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule PC 1, Section 5, Ind.Rules of Procedure for Post-Conviction Remedies. To sustain this burden, appellant must establish that the trial judge failed to give one of the statutory advisements and establish facts from which the trier of fact could conclude that the judge's omission rendered the decision to plead guilty involuntary and unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893.

■ Prior to pleading guilty, petitioner was aware, both from his own experience and from advisements, that his guilty plea operated as a waiver of his right to a public trial. Defendant made his request to withdraw his plea of not guilty and to enter a plea of guilty after his trial had commenced and the jury had been selected. The same day, a plea agreement was filed which recited that a guilty plea would operate as a waiver of his constitutional right to a public and speedy trial by jury.

Similarly, the trial judge conveyed to Hatton that the court was not a party to or bound by the terms of the plea agreement. The court informed defendant that if it accepted the plea, the court need only schedule the sentencing hearing and pronounce judgment. After the advisement of rights and presentation of the factual basis for the plea, the judge ordered a "pre-sentence investigation and I'll set down for acceptance or rejection and sentencing hearing and pronouncement of judgment ... if accepted on April 10th at 1:30."

■ Ind.Code 35–4.1–1–3(e) is designed to assure fairness to the accused. This objective is achieved when the court's role is perceived as independent of the plea agreement and acceptance of the plea and sentence received is within the accused's expectancies. *DeVillez v. State* (1981), 275 Ind. 263, 416 N.E.2d 846. The court adequately conveyed to Hatton that it was not a party to the agreement when it advised him that if the court accepted the plea it would hold a sentencing hearing before it pronounced judgment. *Boone v. State* (1985), Ind., 472 N.E.2d 607. Hatton could infer from the court's statements that the court had not been a bargainer and had not made prior commitments. *Carr v. State* (1983), Ind., 455 N.E.2d 343. This language also conveyed that the court was not bound by the agreement and could accept or reject it. *Johnson v. State* (1983), Ind., 457 N.E.2d 196.

■ The trial court did not advise Hatton of the possibility of an increased sentence based upon prior convictions. However, the court is not required to advise the accused of the effects of prior convictions unless those convictions bear directly upon the length of sentence imposed under the plea agreement. *Creager v. State* (1985), Ind., 479 N.E.2d 47; *Underhill v. State* (1985), Ind., 477 N.E.2d 284. The plea agreement provided, and the court imposed, presumptive terms for each of the convictions resulting from the guilty plea. When the court accepts the plea agreement, it has no discretion to enhance the sentence. *Allen v. State* (1986), Ind., 498 N.E.2d 1214; *Blackburn v. State* (1986), Ind., 493 N.E.2d 437. In addition, the court stated that it did not find any aggravating or mitigating circumstances.

Appellant also claims that the court did not advise him of the possibility of consecutive sentences. The agreement recited the State's recommendation that one term would be consecutive to the remaining concurrect terms of imprisonment. At the guilty plea hearing, defendant acknowledged that the State would recommend these terms at the sentencing hearing. When the court informs the accused that one sentence will be served consecutive to another sentence, the accused is advised that the possibility of consecutive sentences will become a reality if the pleas are accepted by the court. *Romine v. State* (1982), Ind., 431 N.E.2d 780.

The judgment of the trial court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result with separate opinion.

DeBRULER, Justice, concurring.

The plea of guilty was given and accepted on April 10, 1979, prior to the effective date in December, 1981, of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234 requiring strict compliance by the trial courts of the state with the provisions of the guilty plea statute then existing, which has been recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. It should therefore be governed by the totality of the circumstances standard set forth in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714. Cf. *Sherwood v. State* (1985), Ind., 485 N.E.2d 97.

It was this lesser standard which this court applied in *Creager v. State* (1985), Ind., 479 N.E.2d 47 and *Underhill v. State* (1985), Ind., 477 N.E.2d 284 when the court approved the proposition that the accused need not be advised of the sentence enhancing possibility of prior conviction unless the length of sentence imposed under a plea agreement was left to the discretion of the trial court. If this were a post *German* case, I would deem the failure to strictly comply with the guilty plea statute to be grounds for permitting this plea to be withdrawn pursuant to the reasons set forth in my dissent in *White v. State, supra.*