**Rodney GARRETT, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 285S72.

Supreme Court of Indiana.

Nov. 20, 1986.

Susan K. Carpenter, Public Defender, Kathryn Kelley, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Petitioner's sole argument in this appeal from the denial of post-conviction relief is that his guilty plea was not entered voluntarily and intelligently because the trial court failed to advise him of the possibility of an increased sentence due to prior convictions, citing Ind.Code 35–35–1–2 (Burns 1985 Repl.). We affirm.

Petitioner Rodney Garrett was initially charged with murder, attempted rape, confinement, and felony-murder. On November 15, 1982, Garrett pled guilty to murder pursuant to a plea agreement which provided that the State would dismiss the remaining charges and recommend a forty year sentence. The trial court accepted the plea and imposed the recommended sentence. As petitioner, Garrett had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule PC 1, Section 5, Ind. Rules of Procedure for Post-Conviction Remedies. To sustain this burden, appellant must demonstrate that the trial judge failed to give one of the statutory advisements and establish facts from which the trier of fact could conclude that the judge's omission rendered the decision to plead guilty involuntary and unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893.

The judge did not advise Garrett that prior convictions could result in the imposition of a longer sentence. However, the judge need not give this advisement when the presumptive term is recommended by the State in the agreement and is imposed by the court. *Blackburn v. State* (1986), Ind., 493 N.E.2d 437. Under these circumstances, the advisement is not necessary because when the court accepts the plea agreement it does not have discretion to enhance a sentence; it is bound by

the terms of the agreement. *Hatton v. State* (1986), Ind., 499 N.E.2d 259; *Blackburn,* 493 N.E.2d at 439. The purpose of this advisement is to ensure that the accused is aware of the range of penalties which could be imposed prior to pleading guilty. *Underhill v. State* (1985), Ind., 477 N.E.2d 284. A plea agreement which recites the recommended sentence conveys this information to the accused. Moreover, such an advisement would not aid the accused's decision whether to enter a guilty plea unless the prior convictions would bear directly upon the sentence recommended by the plea agreement. *Creager v. State* (1985), Ind., 479 N.E.2d 47.

In this case, the judge correctly imposed the presumptive term for the murder conviction in accordance with the terms of the plea agreement. Prior to entering his guilty plea, Garrett knew that if he pled guilty and the court accepted his plea, a forty year sentence would be imposed.

The judgment of the post-conviction court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.