**Patrick BURNS, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

No. 485S152.

Supreme Court of Indiana.

Nov. 25, 1986.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Confronted with five felony charges under four different cause numbers in two different counties, Patrick Burns negotiated a settlement covering them all. Pursuant to those negotiations, he pled guilty to the two burglaries and one theft which are the subject of this appeal. Subsequently, he filed petitions for post-conviction relief seeking to be relieved of those pleas. He now appeals the trial court's denial of his petitions. We affirm.

Burns' petitions alleged that his pleas were not entered voluntarily and intelligently because the trial judge failed to advise him fully in accordance with Ind. Code § 35–4.1–1–3, since repealed and replaced by Ind.Code § 35–35–1–2. He cites the failure of the trial court to inform him of the minimum possible sentences for the crimes to which he was pleading, of the fact that he was waiving a public and speedy trial, and of the possibility of any increased sentence by virtue of prior convictions.

The court hearing Burns' petitions took evidence in the form of transcripts of the hearings at which he had pled and was sentenced. It also admitted a transcript of a hearing at which Burns pled guilty to the other offense pending in Marion County.

■ Burns had the burden of proof on his petition to establish that his decision to plead guilty was unintelligent and involuntary. Rule PC 1, Section 5, Ind. Rules of Procedure for Post-Conviction Remedies. The trial court hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. We will reverse the judgment as being contrary to law only when the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

■ The transcripts of Burns' pleas to the causes which are the subject of this appeal reveal that the trial court advised him extensively about the nature of the charges, the rights which he was waiving by pleading guilty and about the voluntariness of his decision. The transcript from Burns' other plea in Marion County, given just an hour before he appeared in these causes, indicated that the trial judge there had informed him that he was giving up the right to a "fast and public" trial. The judge also informed him of the minimum sentence possible for a class B burglary, the same class burglary charged in these cases. It was proper for the post-conviction court to admit and consider this as evidence of Burns' knowledge. *White v. State* (1986), Ind., 497 N.E.2d 893; *cf.*, *State v. Billups* (1979), 57 Ohio St.2d 31, 385 N.E.2d 1308 (defendant who acknowledges hearing rights recited to others was adequately advised).

As for the trial court's failure to advise Burns of the minimum sentence for theft and of any possibility of increased sentences by virtue of prior convictions, we have held that proof of a technical failure by the trial judge is, standing alone, inadequate evidence to sustain a conclusion that a plea of guilty was involuntary and unintelligent. *Id.*

■ Assessing the evidence before it, the trial court concluded that Burns had failed to prove the allegations of his petition. There was a substantial basis for this finding.

Accordingly, the judgment of the post-conviction court is affirmed.

GIVAN, PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents without separate opinion.