Walter MATTHEWS, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 885S316.

Supreme Court of Indiana.

Dec. 17, 1986.

Susan K. Carpenter, Public Defender, Vickie Yaser, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Pursuant to a plea bargain, petitioner Walter Matthews pled guilty to two counts of robbery and the State dismissed the remaining charges filed against him. The trial court accepted his pleas and imposed the recommended sentence of consecutive terms of ten years and twenty years.

In this appeal from denial of post-conviction relief, Matthews argues that his pleas were not entered voluntarily and intelligently because the trial court did not advise him of his right to a public and speedy trial, the State's burden at trial to prove him guilty beyond a reasonable doubt, that he could receive an enhanced sentence due to prior convictions, and that his guilty plea constituted a waiver, as required by Ind. Code § 35–4.1–1–3 [repealed by 1981 Ind. Acts, P.L. 298, § 9, effective September 1, 1982; amended and recodified as Ind.Code § 35–35–1–2 (Burns 1985 Repl.)].

As petitioner, Matthews had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule PC 1, Section 5, Ind.Rules of Procedure for Post-Conviction Remedies. Evidence that the trial judge failed to give one of the statutory advisements does not by itself sustain petitioner's burden. He must establish specific facts from which the trier of fact could conclude by a preponderance of the evidence that the trial judge's omission rendered the decision to enter a guilty plea involuntary or unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893. To prevail on appeal from denial of post-conviction relief, Matthews must satisfy this Court that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

### A. Public and Speedy Trial

Contrary to appellant's assertions, he was aware of his right to a public and speedy trial. The plea agreement recited that Matthews had the right to a public trial by jury. The judge did not advise Matthews that he was entitled to a "speedy" trial. However, a jury trial had been scheduled and defendant had requested one continuance before the parties agreed to hold a guilty plea hearing one day after the scheduled trial date. From these circumstances, it is reasonable to infer that appellant was aware that he had the right to a public and speedy trial. *Cf., Wright v. State* (1986), Ind., 490 N.E.2d 732.

### B. Burden of Proof

 The plea agreement recited that the State had the burden to prove defendant guilty beyond a reasonable doubt. At the guilty plea hearing held in October 1979, the judge also informed Matthews that the burden of proof at trial was entirely on the State. In the face of such overwhelming evidence, petitioner's allegation that he was not advised of the State's burden is without merit.

### C. Enhanced Sentence

 At the guilty plea hearing appellant told the court his understanding of the penalties for the crimes to which he pled guilty: ten year sentences to which four years could be subtracted or ten years added, giving a range of six to twenty years. The judge did not specifically advise appellant that one basis for increasing the presumptive ten year term was the existence of prior felonies.

However, the trial court is not required to inform the defendant of the possible effect of prior convictions unless they bear directly upon the length of the sentence imposed in the plea agreement. *Hatton v. State* (1986), Ind., 499 N.E.2d 259. When the court accepts a plea agreement which recommends an enhanced sentence, the court is bound by its terms and may not further increase the length of the recommended sentence. *Blackburn v. State* (1986), Ind., 493 N.E.2d 437. Appellant knew the proposed sentence of ten and twenty years and knew that ten years was the presumptive term before he entered his pleas.

### D. Waiver of Rights

 Matthews knew that his plea would waive the trial-related rights enumerated in the statute. The plea agreement recited that his plea would operate as a waiver of the rights recited in the agreement. In addition, at the hearing the court informed him that by pleading guilty he was waiving all the rights previously discussed by the court. These advisements clearly indicated to Matthews that his guilty plea operated as a waiver.

The judgment of the trial court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.