Montez HUTCHINSON, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 1185S451.

Supreme Court of Indiana.

Dec. 22, 1986.
Rehearing Denied Feb. 11, 1987.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Petitioner Montez Hutchinson was initially charged with kidnapping, robbery, dealing in a sawed off shotgun, and resisting law enforcement. Pursuant to a plea agreement, he pled guilty to the shotgun charge and to an amended information for confinement, a class B felony. The State recommended concurrent sentences of two years and fifteen years, respectively. The trial court accepted the plea and imposed the recommended sentence.

Appealing the denial of his petition for post-conviction relief, Hutchinson argues that his pleas were not entered voluntarily and intelligently because the trial court did not advise him of the minimum and maximum sentences for the class B felony, the alternative sentencing possibilities for the class D felony, the possibility of consecutive sentences, and the possibility of increased sentences by virtue of prior convictions, citing Ind.Code § 35–35–1–2 (Burns 1985 Repl.).

▮ As petitioner, Hutchinson had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule PC 1, Section 5, Ind. Rules of Procedure for Post-Conviction Remedies. Evidence that the trial judge failed to give one of the statutory advisements does not by itself sustain petitioner's burden. He must establish specific facts from which the trier of fact could conclude by a preponderance of the evidence that the trial judge's omission rendered the decision to enter a guilty plea involuntary or unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893. To prevail on appeal from denial of post-conviction relief, Hutchinson must satisfy this Court that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

The transcript of the hearing at which Hutchinson pled guilty indicates that the judge discussed with him the nature of the charges, the voluntariness of his decision, the rights he was waiving, and the factual basis for his plea. Hutchinson, age 18, was accompanied by his mother, whom the judge encouraged to ask questions during the proceedings.

*A. Minimum and Maximum Sentences*

Before Hutchinson pled, the State informed the court of the minimum and maximum penalties for the charged offenses. The prosecutor indicated that robbery, a class B felony, has a minimum sentence of six years and a maximum sentence of twenty years. He also informed the court that the penalty range for the class D felony charged was one to four years. The court

then asked appellant whether he understood the penalty for each count; appellant responded affirmatively.

Appellant argues that advisement of the penalty range for the class B felony charged (robbery) does not constitute an advisement for the class B felony to which he pled guilty (confinement). He also claims that an advisement by the prosecutor is not an adequate substitute for the "nondelegable judicial inquiry."

The predecessor statute required that the court not accept a plea without first *"addressing* the defendant" to inform him, among other things, of the minimum and maximum penalties for the offense charged. Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.) (emphasis added). Effective September 1, 1982, the code requires that "... the court shall not accept a plea of guilty ... without first *determining* that the defendant ... (3) has been informed of the maximum possible sentence and minimum sentence for the crime charged...." Ind.Code § 35–35–1–2 (Burns 1985 Repl.) (emphasis added).

In *Williams v. State* (1975), 263 Ind. 165, 325 N.E.2d 827, the petitioners argued that their guilty pleas were not entered voluntarily and intelligently when defense counsel advised them of the rights enumerated in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Declining to set aside their pleas, this Court said:

> We have repeatedly stressed the desirability of the trial court advising a defendant of his federal constitutional rights as enumerated in *Boykin.* We affirm that position today. We believe the essence of that decision requires only that the record affirmatively show that defendant was advised of the *Boykin* rights prior to the entry of his plea. A defendant's guilty plea is not tainted merely because the trial court fails to repeat defendant's rights for him, so long as the *record of the guilty plea proceeding* contains evidence from which the trial court may validly conclude that defendant was

meaningfully informed of the specific rights enumerated in *Boykin.*
*Williams,* 325 N.E.2d at 833.

This view was affirmed in *Lockert v. State* (1979), 271 Ind. 226, 391 N.E.2d 613, where Justice Prentice wrote for a unanimous Court that "... it is not material who gives the advisements, so long as the record of the guilty-plea hearing reflects that 'the defendant was advised of and understood the substance of his rights." [sic] *Lockert,* at 615. Like Charles Lockett, Hutchinson indicated to the trial judge that he understood the charges and the penalties.

This Court reviews all the evidence when determining whether the guilty plea was entered voluntarily and intelligently, "including testimony given at the post-conviction trial, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are a part of the record." *White,* 497 N.E.2d at 905–906.

■ When the record indicates that the accused was informed of the sentence range and the trial court's personal determination that the accused understood the penalties for the charged offenses, reversible error has not occurred. The recitation of the statutory advisement by the prosecutor in defendant's presence was sufficient to inform the accused of the penalty range. *Cf. Burns v. State,* (1986), Ind., 500 N.E.2d 201; *State v. Billups,* 57 Ohio St.2d 31, 385 N.E.2d 1308 (1979) (defendant who acknowledged that he heard and understood court's advisement to a previous defendant and did not desire his own recitation was adequately informed).

■ The accused is fully informed of the minimum and maximum penal consequences when he is advised of the sentence range for the offenses charged. *Cole v. State* (1985), Ind., 485 N.E.2d 128. Appellant was informed of the sentence range for a class B felony. He knew, from both the terms of the plea agreement and an advisement at the guilty plea hearing, that the amended information for confinement was a class B felony. Appellant was ade-

quately informed of the sentence range for the offense to which he pled guilty.

■ Appellant also claims that he was not advised of the sentencing alternatives available for a class D felony. The trial court has the discretion to enter judgment of conviction and sentence for a class A misdemeanor when a person has committed a class D felony. Ind.Code § 35–50–2–7 (Burns 1979 Repl.). However, the trial court is required to advise the accused only of the possible sentences for the crime charged. Ind.Code § 35–35–1–2(a)(3). We indicated earlier that the statute does not mandate the trial court to

"... advise the defendant of potential sentences for offenses to which he will not be subjected if his plea is accepted (citations omitted), ... [noting that the] [d]efendant is entitled to be informed of the actual penal consequences of his plea of guilty, not the hypothetical result of a trial on a charge which the State has agreed not to prosecute in return for the plea."

*Brown v. State* (1983), Ind., 443 N.E.2d 316, 319.

Similarly, when the accused pleads guilty to a class D felony, the court is not required to advise the accused of the misdemeanant sentencing alternatives. The trial judge is bound by the terms of the plea agreement. When, as here, the agreement does not give the judge discretion to sentence the accused as a misdemeanant, then the accused need not be advised of this sentencing alternative.

### B. Consecutive Sentence

■ Appellant correctly points out that the trial court did not advise him of any possibility of the imposition of consecutive sentences. The trial court imposed concurrent sentences in accordance with the plea agreement. We fail to discern how the failure to make this advisement affected appellant's decision to plead guilty.

### C. Prior Convictions.

■ Hutchinson argues that the court did not advise him that his sentence could be enhanced if he had prior convictions. Appellant told the court at the guilty plea hearing that he did not have any prior convictions. The State indicated at the post-conviction hearing that appellant did have one prior felony conviction.

The presumptive sentence was imposed for the class D felony. However, the sentence imposed for the class B felony was aggravated by an additional five years. After the State informed the court at the guilty plea hearing of the recommended sentence, the judge inquired why the State was "extracting such a high penalty in this case?" The State responded that the seriousness of the crime and the manner in which it was committed justified the sentence.

■ The trial court is not required to inform the defendant of the possible effect of prior convictions unless they bear directly upon the length of the sentence imposed in the plea agreement. *Hatton v. State* (1986), Ind., 498 N.E.2d 398; *Blackburn v. State* (1986), Ind., 493 N.E.2d 437. When the sentence recommended by the State and imposed by the court is not enhanced because of prior convictions, then the petitioner has not demonstrated that such advisement would have aided the decision to plead guilty. *Cf. Garrett v. State* (1986), Ind., 499 N.E.2d 1121; *Creager v. State* (1985), Ind., 479 N.E.2d 47;

The judgment of the trial court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents without opinion.