Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Aug 15 2014, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRY A. MOORE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1401-PC-11 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John M. T. Chavis, Judge
The Honorable Anne M. Flannelly, Commissioner
Cause No. 49F15-9203-PC-34022

**August 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Terry A. Moore was convicted of carrying a handgun without a license, as a Class D felony, pursuant to a guilty plea. Moore subsequently petitioned for post-conviction relief, which the post-conviction court denied. He now appeals, challenging the post-conviction court's judgment, and he raises a single issue for our review, namely, whether his guilty plea was knowing and voluntary.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In March 1992, the State charged Moore with carrying a handgun without a license, as a Class D felony. And in October 1992, Moore pleaded guilty as charged. The trial court entered judgment of conviction and, on the State's recommendation, the court sentenced Moore to one and one-half years with one year suspended to probation.

On October 14, 2011, following his adjudication as an habitual offender, Moore filed a petition for post-conviction relief alleging that his 1992 guilty plea was not knowing or voluntary. The post-conviction court denied that petition following a hearing. This appeal ensued.

## DISCUSSION AND DECISION

The petitioner bears the burden of establishing his grounds for post-conviction relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Harrison v. State, 707 N.E.2d 767, 773 (Ind. 1999). To the extent the post-conviction court denied relief in the instant case, Moore appeals from a negative judgment and faces the rigorous burden of showing that the evidence as a whole "'leads unerringly and unmistakably to a

2

conclusion opposite to that reached by the [lower] court.'" See Williams v. State, 706 N.E.2d 149, 153 (Ind. 1999) (quoting Weatherford v. State, 619 N.E.2d 915, 917 (Ind. 1993)). It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law. Bivins v. State, 735 N.E.2d 1116, 1121 (Ind. 2000).

A guilty plea constitutes a waiver of constitutional rights, and this waiver requires the trial court to evaluate the validity of every plea before accepting it. Davis v. State, 675 N.E.2d 1097, 1102 (Ind. 1996). For a plea to be valid, it must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant. Diaz v. State, 934 N.E.2d 1089, 1094 (Ind. 2010). A court accepting a guilty plea must determine that the defendant: (1) understands the nature of the charges; (2) has been informed that a guilty plea effectively waives several constitutional rights, including trial by jury, confrontation and cross-examining of witnesses, compulsory process, and proof of guilt beyond a reasonable doubt without self-incrimination; and (3) has been informed of the maximum and minimum sentences for the crime charged. Ind. Code § 35-35-1-2; Diaz, 934 N.E.2d at 1094. In assessing the voluntariness of the plea, we review all the evidence before the post-conviction court, including testimony given at the post-conviction trial, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are part of the record. Diaz, 934 N.E.2d at 1094.

Moore contends that his guilty plea was not knowing or voluntary because the trial court did not advise him of the range of penalties he faced, including sentencing alternatives for a Class D felony. At the hearing on his petition for post-conviction relief,

Moore presented evidence that the court reporter could not find the recording of the October 29, 1992 sentencing hearing. Moore also presented affidavits executed by the Commissioner who presided over his guilty plea and sentencing hearings, the deputy prosecutor, and his former trial counsel, each stating that they had no recollection of the plea or sentencing hearings. Finally, Moore testified at the post-conviction hearing that, prior to pleading guilty, he had not been advised either of the sentencing range he faced or the possibility of alternate misdemeanor sentencing.

But the State presented evidence that Moore had been advised of the sentencing range prior to pleading guilty. In particular, the judgment of conviction signed by the trial court on the date Moore pleaded guilty states in relevant part that the court found that Moore "was advised of the maximum and minimum possible sentences[.]" Appellant's App. at 34. And, as the State points out, in his petition for post-conviction relief, Moore states in relevant part that the trial court "correctly advised him of the range of penalties to a Class D felony[.]" Id. at 39. Thus, Moore's contention on this issue must fail.

Moore also contends that he was not advised of misdemeanant sentencing alternatives and that he would not have pleaded guilty to a Class D felony if he had been so advised. But our supreme court has held that

> when the accused pleads guilty to a class D felony, the court is not required to advise the accused of the misdemeanant sentencing alternatives. The trial judge is bound by the terms of the plea agreement. When, as here, the agreement does not give the judge discretion to sentence the accused as a misdemeanant, then the accused need not be advised of this sentencing alternative.

4

Hutchinson v. State, 501 N.E.2d 1062, 1066 (Ind. 1986).  Here, Moore's plea agreement states that he pleaded guilty to a Class D felony and did not give the trial court discretion to sentence him as a misdemeanant.  Accordingly, the trial court was not required to advise Moore of the possibility of misdemeanant sentencing alternatives.  Moore has not demonstrated that his guilty plea was not knowing and voluntary.  The post-conviction court did not err when it denied Moore's petition for post-conviction relief.

Affirmed.

BAILEY, J., and PYLE, J., concur.