## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 09 2019, 10:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Levi Booker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 9, 2019

Court of Appeals Case No.
19A-CR-276

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause No.
84D01-1404-FA-993

**Mathias, Judge.**

[1] Levi Booker ("Booker") pleaded guilty in the Vigo Circuit Court to Class A felony child molesting. He received a twenty-year sentence to be served in the

Indiana Department of Correction ("DOC"). A condition of Booker's sentence permitted him to petition for direct placement to Vigo County Community Corrections ("VCCC") after twelve years. Booker appeals his sentence, arguing that its imposition was inappropriate in light of the nature of his offense and his character as an offender.

[2]     We affirm.

## Facts and Procedural History

[3]     R.S. was four years old when Booker, aged twenty-five, subjected her to unlawful sexual conduct on April 4 and April 5, 2014.

[4]     On April 14, 2014, Booker was charged with two counts: Class A felony child molesting and Class C felony child molesting. Pursuant to a plea agreement, Booker pleaded guilty to Class A felony child molesting on November 24, 2015.[1] As part of the plea agreement, the Class C felony charge against Booker was dismissed, and the State agreed to recommend that Booker receive the minimum twenty-year sentence. The plea agreement left open where Booker's sentence would be served. Tr. p. 50. The trial court accepted the plea agreement

---

[1] Booker committed and was charged with this offense in April 2014, before revisions to relevant sections of the Indiana Criminal Code took effect on July 1, 2014. A court must generally sentence a defendant under the statute in effect at the time the offense was committed. *White v. State*, 849 N.E.2d 735, 741 (Ind. Ct. App. 2006), *trans. denied*. Thus, although Booker's guilty plea was accepted by the trial court after July 1, 2014, the pre-July 1, 2014, sentencing classes and ranges apply. Ind. Code § 35-50-2-4.

and convicted Booker of Class A child molesting on November 24, 2015. Tr. p. 54.

[5] Prior to Booker's sentencing hearing, the Vigo County probation department compiled a pre-sentence investigation ("PSI") report. Appellant's Conf. App. Vol. 4, pp. 2–8. The PSI report indicated that a community corrections agency had been consulted "regarding services and programs available to the defendant for this case." *Id.* at 7. The report stated that the agency, VCCC, "will not provide service for twenty years." *Id.*

[6] A sentencing hearing was held on December 22, 2015. The trial court accepted the PSI report without objection from Booker or his counsel. Tr. pp. 58–59. During the hearing, R.S.'s mother testified to the long-term consequences of R.S.'s molestation. Tr. pp. 62–63. The State recommended that Booker's entire twenty-year sentence be served in the DOC. Tr. p. 72. Booker's counsel urged the court to consider a "split sentence that will allow [Booker] to participate in [VCCC] at some point in time. . . that [the DOC time] be combined with some [VCCC] time." Tr. p. 73–74. In support, Booker's mother testified that she was willing to bear the cost of Booker's home detention should his sentence include direct commitment to VCCC. Tr. p. 71.

[7] The trial court sentenced Booker to twenty years in the DOC, subject to the condition that Booker could seek modification of the sentence after twelve years. Tr. p. 75. No mitigating or aggravating factors were identified or used to modify the twenty-year sentence. After Booker served twelve years, and

dependent on his "performance and compliance with DOC programming," the trial court ruled that Booker could petition for direct placement to VCCC for the remaining eight years of his sentence. *Id.* Booker did not file a Notice of Appeal following the sentencing decision.

[8] On May 23, 2017, Booker filed a Petition for Post-Conviction Relief.[2] On January 31, 2019, that petition was withdrawn without prejudice when Booker filed a Motion for Leave to File a Belated Notice of Appeal. Ind. Post-Conviction Rule 1(1)(b). Booker filed his Belated Notice of Appeal on February 6, 2019, in accordance with P-C.R. 2(1).

## Discussion and Decision

[9] Though Booker does not express his argument in these terms, what he seeks is review and revision of his sentence based on its inappropriateness in light of the nature of his offense and his character as an offender. *See* Ind. Appellate Rule 7(B). Booker's request is made before he has served the agreed-upon twelve years in the DOC, at which time, under his plea agreement, he will be able to petition for placement at VCCC for the remaining eight years of his sentence. Because Booker has not presented a cogent argument regarding the inappropriateness of his sentence in light of the nature of his offense and his character as an offender, he has waived our review of this claim. *See* App. R.

---

[2] Booker's Petition for PCR was docketed under cause number 84D03-1705-PC-003634.

46(A)(8)(a). Waiver notwithstanding, we proceed to explain why Booker's argument is without merit.

## I.  Abuse of Discretion Review Inapplicable

Under the pre-July 1, 2014, sentencing scheme, "A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty (20) and fifty years (50), with the advisory sentence being thirty years." Ind. Code § 35-50-2-4. The trial court sentenced Booker to twenty years for Class A felony child molesting, pursuant to a plea agreement.

The determination of a defendant's sentence is within the trial court's discretion, and we review sentencing only for an abuse of that discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). On appeal, claims of inappropriate sentence and claims of abuse of discretion must be analyzed separately. *Id.* at 491. There are two reasons why abuse of discretion review is not available in Booker's case.

First, the plea agreement Booker entered was for a specific term of years: twenty. After the trial court accepted the agreement, the court no longer had the discretion to impose any sentence other than the one for twenty years upon which the parties had agreed. "If the court accepts a plea agreement, it shall be bound by its terms." Ind. Code § 35-35-3-3(e). *See also Badger v. State*, 637 N.E.2d 800, 802 (Ind. 1994) ("[I]f the court accepts the agreement, it becomes bound by the terms of the agreement."); *Blackburn v. State*, 493 N.E.2d 437, 439

(Ind. 1986) ("Although not a party to the agreement, once the court accepts a plea agreement, it is bound by the terms of that agreement.").

[13] Furthermore, Booker's twenty-year sentence was non-suspendible. Non-suspendible sentences are those where no portion of the sentence exceeds the statutory minimum for the class of offense committed, and thus no portion of the sentence may be suspended. Because twenty years was the minimum penalty for Class A felony child molesting,[3] and because twenty years is the sentence the trial court accepted as part of the plea agreement, the trial court could not suspend any part of the sentence it imposed. I.C. § 35-50-2-2(b)(4) (2012).

[14] The second reason we decline to review Booker's sentence for abuse of discretion is because Booker appeals the location of the execution of his sentence. *Where* a trial court orders a sentence to be served is not subject to appellate review for abuse of discretion. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). The trial court's options were to "split" Booker's twenty-year sentence between the DOC and direct commitment to VCCC, or to order the entire sentence served in the DOC. Tr. p. 74. Those options represented a choice between sentencing locations, and as such the trial court's decision is not subject to appellate review for abuse of discretion.

---

[3] *See supra*, note 2.

## II. *Inappropriate Sentence*

[15] We are, however, empowered by Indiana Appellate Rule 7(B) to review and revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Even when a defendant acquiesces to a sentence of a particular term of years in a plea agreement, as Booker did, he does not lose the right on appeal to challenge the appropriateness of that sentence. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Our Appellate Rule 7(B) review properly includes consideration of whether the ordered location of a sentence is appropriate. *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). But as we have previously explained, "[a]s a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities. For example, a trial court is aware of the availability, costs, and entrance requirements of community corrections placements in a specific locale." *Fonner v. State*, 876 N.E.2d 340, 343–44 (Ind. Ct. App. 2007). We will not revise a sentence simply because another sentence would be *more* appropriate. *Id.* at 344.

[16] In reviewing the appropriateness of Booker's sentence, we may look to any factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied, abrogated on other grounds by Bethea v. State*, 983 N.E.2d 1134 (Ind. 2013). These factors include Booker's culpability, the severity of his offense, the damage done to others, and any other factor bearing on Booker's offense or nature as an offender. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[17] Booker does not address why his sentence is inappropriate based on the nature of his offense except to argue that the sentence constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution:

> The trial court judge stated that his hands were tied [in ordering Booker's sentence executed in the DOC]. If the reason for [the trial court's] order. . . was based on arbitrary policy of [VCCC], the reason had nothing to do with reformation of Booker or protection of the community. As such, the sentence constitutes cruel and unusual punishment.

Appellant's Br. at 18 (internal citation omitted).

[18] A defendant is not entitled to serve a sentence in either probation or a community corrections program. *Bass v. State*, 974 N.E.2d 482, 488 (Ind. Ct. App. 2012). Commitment to either serves as an alternative to commitment to the DOC and may be made at the sole discretion of the trial court. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). Here, the trial court appropriately considered the feasibility and cost of directly committing Booker to the VCCC for the duration of Booker's twenty-year sentence and rejected it as an option. Tr. p. 74.

[19] Booker pleaded guilty to and was convicted of the sexual molestation of four-year-old R.S., a crime of impulse and opportunity that negatively affected his family. Tr. pp. 62, 72–73. Statements by R.S.'s mother and counsel for both parties reveal that R.S. was the younger sister of Booker's wife. Tr. pp. 62, 72. In pleading guilty, Booker received the relative benefit of a term of years at the lowest end of the sentencing range permitted by statute for those convicted of

Class A felonies. In addition, a condition of his sentence allowed him to petition the court for modification of the sentence after twelve years, making possible a substantially shorter term of years served in the DOC. Tr. p. 75.

[20] Considering the nature of the offense and Booker's character as an offender, we conclude that Booker has not carried his burden of persuasion that the location of his sentence is inappropriate.

### III. Invited Error

[21] Finally, even if the trial court did inappropriately sentence Booker – which we do not believe it did – the doctrine of invited error precludes Booker from prevailing in this appeal. "Th[e] doctrine. . . forbids a party from taking advantage of an error that []he commits, invites, or which is the natural consequence of h[is] own neglect or misconduct." *Durden v. State*, 99 N.E.3d 645, 651 (Ind. 2018). During sentencing, Booker made a location of sentence claim. Tr. p. 73. Specifically, Booker's counsel requested that the trial court order a portion of Booker's twenty-year sentence be served with the VCCC:

> [W]hat we are asking for [] is that the court take into consideration some type of split sentence that will allow [Booker] to participate in Community Corrections at some point in time, [] either through in-home detention, work release or a combination thereof, or whatever Department of Corrections time the court sees fit to give[.]

*Id.*

[22] The trial court responded and issued its sentence as follows:

> [T]o a certain extent this court's hands are tied; you have a twenty (20) year non-suspendible sentence, and I've got [VCCC] telling me that twenty years is too long for their programming. [] [T]he result of that is the [] DOC time is mandatory in this case. [T]he question is whether I split that sentence or not, and allow you some time in Community Corrections. . . [W]hat I'm going to do is order that you execute a minimum of twelve years in the [DOC]. I will allow you to ask this court to modify the last eight (8) to Community Corrections based on your performance and compliance with DOC programming.

Tr. pp. 74–75. Booker did not request direct commitment to the VCCC during his sentencing hearing, nor did he object to the court's ruling when it was made. When the failure to object accompanies the party's affirmative requests of the court, the invited error doctrine applies and prevents a party from "crying foul" on appeal. *Durden*, 99 N.E.3d at 651. Notably, in Booker's case, the trial court's sentencing decision was closer to what Booker himself requested – a sentence split between the DOC and VCCC – than to what the State and PSI report recommended – for all twenty years to be served in the DOC.

[23] Booker concedes that he waived the trial court's sentencing decision for appellate review when he failed to object at the time of the decision. Appellant's Br. at 12. Nevertheless, Booker argues that the trial court's decision is available for review under the fundamental error exception. *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013). The fundamental error exception applies when an error amounts to a blatant violation of basic principles, the harm or potential for harm of which is substantial, and the resulting error denies the defendant fundamental due process. *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006).

Apparently to this end, Booker makes several arguments under the United States and Indiana constitutions about the alleged error in his sentencing. These we decline to address, for all the reasons stated above, and because the trial court's sentencing decision was not fundamental error. The sentence was not inappropriate based on Booker's character and the nature of his offense.

[24] Accordingly, we affirm.

May, J., and Brown, J., concur.